UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES MARKHAM, and as to the third claim, on behalf of others similiary situated,<br><br>       Plaintiff - Appellant,<br><br>V.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>       Defendants - Appellees. | No.  04-15616<br>D.C. No.  CV-03-00257-SOM<br><br>**JUDGMENT** |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 0 2006

at 11 o'clock and 10 min. A M
SUE BEITIA, CLERK

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 01/17/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
APR 0 5 2006
Deputy Clerk

3-10

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES MARKHAM, and as to the
third claim, on behalf of others
similarly situated,
                *Plaintiff-Appellant,*

                v.

UNITED STATES OF AMERICA; ELAINE
CHAO, as Secretary of Labor; U.S.
DEPARTMENT OF LABOR; JANE DOE;
JOHN DOE, 2-10; DOE PARTNERSHIPS
1-10; DOE ENTITIES 1-10; MELANIE
GALEN; TWO UNKNOWN OWCP
CLAIMS EXAMINERS; TWO UNKNOWN
OWCP NURSES,
                *Defendants-Appellees.*

No. 04-15616

D.C. No.
CV-03-00257-SOM

OPINION

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted November 22, 2005*
Honolulu, Hawaii

Filed January 17, 2006

Before: Michael Daly Hawkins, M. Margaret McKeown, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge McKeown

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

757

758          MARKHAM v. UNITED STATES

## SUMMARY

**Labor and Employment/Workers Compensation**

The court of appeals affirmed a judgment of the district court. The court held that a plaintiff's Federal Employee's Compensation Act (FECA) claims that he was denied due process through a "campaign of terror" that resulted in a threat to reduce compensation benefits without notice were wholly insubstantial, rendering the district court without subject matter jurisdiction.

After complying with a letter warning him that a reduction in compensation benefits would continue until he complied in good faith with Office of Workers' Compensation Programs of the United States Department of Labor's (OWCP's) vocational rehabilitation efforts, appellant James Markham filed suit in district court in Hawaii against appellees including the Department of Labor and OWCP. Markham alleged that he was denied due process through OWCP's "campaign of terror," which resulted in a threat to reduce compensation benefits without adequate pre-deprivation notice or a meaningful opportunity to be heard. Markham also alleged a litany of due process violations in various other OWCP administrative practices and customer service facilities. The district court dismissed Markham's complaint for lack of subject matter jurisdiction under 5 U.S.C. § 8128(b), stating that Markham raised wholly insubstantial constitutional challenges.

Markham appealed.

[1] FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees. The Act provides that the United States shall pay compensation for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty. [2] Section 8128(b) explicitly provides that the courts do not have

jurisdiction to review FECA claims challenging the merits of benefit determinations. **[3]** Courts retain jurisdiction to consider constitutional challenges or claims for violation of a clear statutory mandate or prohibition. **[4]** The plain language of the letter provided notice only of a potential reduction of benefits if Markham did not comply with the unambiguous instructions of the letter. The letter was in fact notice of the intended action in the event Markham did not cooperate. Although Markham was never denied benefits, any such challenge was precluded by § 8128(b).

**[5]** Even assuming there was a transitory denial of benefits for the period of non-cooperation, Markham did not claim he was entitled to any specific benefits during this gap. And any potentially imprudent denial of benefits was corrected when Markham complied with OWCP's rehabilitation requirements. A cognizable due process claim must be more than an ephemeral and insubstantial denial of benefits to which a plaintiff does not claim entitlement. **[6]** Nor did the district court have jurisdiction under § 8128(b) to review Markham's remaining laundry list of due process claims. **[7]** Pure policy decisions concerning the administration of FECA are entirely within the discretion of the Secretary of Labor. **[8]** Markham's purported constitutional claims were wholly insubstantial, rendering the federal courts without subject matter jurisdiction. The judgment of the district court had to be affirmed.

---

## COUNSEL

Stephen M. Shaw, Honolulu, Hawaii, for the appellant.

Edward H. Kubo, Jr., United States Attorney, and Thomas A. Helper, Assistant United States Attorney, United States Department of Justice, District of Hawaii, Honolulu, Hawaii, for the appellees.

---

## OPINION

McKEOWN, Circuit Judge:

In this appeal we consider whether the district court lacked subject matter jurisdiction over James Markham's complaint alleging constitutional violations in the handling of his injury claim by the Office of Workers' Compensation Programs of the United States Department of Labor ("OWCP"). Markham launches a broad indictment against various policies of the agency, labeling its practices a "campaign of terror." Rhetoric cannot, however, transform an unreviewable administrative practice into a constitutional violation. This case presents a clear example of a litigant making wholly insubstantial constitutional allegations to frame otherwise unreviewable administrative decisions. We affirm the district court's dismissal of Markham's complaint.

### BACKGROUND

Markham filed a Federal Employee's Compensation Act ("FECA") claim after he was injured while serving as an electrician with the U.S. Department of the Navy. OWCP accepted Markham's claim and authorized continued compensation and medical benefits. A few weeks later, OWCP notified Markham that he was required to undergo vocational rehabilitation at the direction of OWCP, absent a good reason for not doing so.[1] The letter advised that a nurse had left Markham numerous unreturned voice mail messages trying to set up a time and place to meet and discuss his vocational rehabilitation. The letter warned Markham that if he continued to not cooperate with the nurse without good cause, OWCP would reduce his compensation benefits to zero pursuant to 5 U.S.C. § 8113(b) and 20 C.F.R. § 10.519.[2] In conclu-

---

[1]Under 5 U.S.C. § 8104, OWCP has the discretion to direct an employee making a FECA claim to undergo vocational rehabilitation.

[2]Section 8113(b) provides:

If an individual without good cause fails to apply for and undergo

sion, Markham was warned that a reduction in compensation benefits would continue until he complied in good faith with OWCP's vocational rehabilitation efforts.

The letter had its intended effect. Shortly after receiving it, Markham cooperated with the nurse and OWCP and began receiving benefits. OWCP informed him that it would not take action or reduce his benefits for his initial non-cooperation. Markham concedes that he has received all benefits owed him.

Taking great offense to the threat of reduced benefits, Markham filed suit against the Department of Labor, the Secretary of Labor ("Secretary"), OWCP, and various individuals within OWCP. Markham alleged that he was denied due process through OWCP's "campaign of terror," which resulted in a threat to reduce compensation benefits without adequate pre-deprivation notice or a meaningful opportunity to be heard.

Markham also alleged a litany of due process violations in various other OWCP administrative practices and customer service facilities. For example, Markham claimed that OWCP violates the Constitution by: failing to maintain a claims office in his home state of Hawaii; requiring that beneficiaries participate in telephone conferences with multiple parties in different time zones; using a Kentucky address and San Fran-

---

vocational rehabilitation when so directed under section 8104 of this title, the Secretary [of Labor], on review under section 8128 of this title and after finding that in the absence of the failure the wage-earning capacity of the individual would probably have substantially increased, may reduce prospectively the monetary compensation of the individual in accordance with what would probably have been his wage-earning capacity in the absence of the failure, until the individual in good faith complies with the direction of the Secretary.

Sections 10.519(b) and (c) are similar in scope.

cisco telephone number for notices and correspondence with beneficiaries in Hawaii; using nurses who lack contact information beyond voice mail; delegating authority to nurses and retaining employees whom he regards as unqualified; and using misleading non-cooperation letters.

To remedy these supposed constitutional violations, Markham seeks an injunction against these practices and a broad declaratory judgment "that all statutes, codes[,] proceedings, practice[s], and agency common-law authorizing administrative remedies by the OWCP are inadequate, unconstitutional and void."

The district court dismissed Markham's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction under 5 U.S.C. § 8128(b), stating that "Markham raised wholly insubstantial constitutional challenges." We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Federal Deposit Ins. Corp. v. Nichols*, 885 F.2d 633, 635 (9th Cir. 1989).

## DISCUSSION

[1] FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees. The Act provides that "[t]he United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102(a). The Secretary has the authority to administer and decide all questions under FECA, 5 U.S.C. § 8145, and may formulate rules and regulations necessary to administer the Act, 5 U.S.C. § 8149.

[2] Section 8128(b) explicitly provides that the courts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations:

The action of the Secretary or his designee in allowing or denying a payment under this subchapter is —

(1)    final and conclusive for all purposes and with
       respect to all questions of law and fact; and

(2)    not subject to review by another official of the
       United States or by a court by mandamus or
       otherwise.

5 U.S.C. § 8128(b); *see Staacke v. United States Sec'y of
Labor*, 841 F.2d 278, 281 (9th Cir. 1988).

[3] The courts have fashioned two narrow exceptions to
this absolute jurisdictional bar. Courts retain jurisdiction to
consider constitutional challenges or claims for violation of a
clear statutory mandate or prohibition. *Staacke*, 841 F.2d at
281; *see Rodrigues v. Donovan*, 769 F.2d 1344, 1347-48 (9th
Cir. 1985).

[4] Markham's first claim is that his benefits were denied
without notice, at least as to the period of his non-cooperation.
Besides his own declaration, the only thing that Markham
cites to support this allegation is the OWCP non-cooperation
letter. This letter does not help Markham, however, because
the plain language of the letter provides notice only of a
*potential* reduction of benefits *if* Markham did not comply
with the unambiguous instructions of the letter. The letter was
in fact notice of the intended action in the event Markham did
not cooperate. Although Markham was never denied benefits,
any such challenge is precluded by § 8128(b).

[5] Recognizing this bar, Markham tries to transform a
garden-variety administrative action into a case of constitu-
tional magnitude. Even assuming there was a transitory denial
of benefits for the period of non-cooperation, Markham does
not claim he was entitled to any specific benefits during this
gap of less than two weeks. And any potentially imprudent
denial of benefits was corrected when Markham complied
with OWCP's rehabilitation requirements. A cognizable due
process claim must be more than an ephemeral and insubstan-

tial denial of benefits to which a plaintiff does not claim enti-
tlement. *See Czerkies v. U.S. Dept. of Labor*, 73 F.3d 1435,
1443 (7th Cir. 1996) (en banc) ("The government does not
violate the Constitution every time it mistakenly denies a
claim for benefits. . . . This is a case of a claim for benefits
'cloaked in constitutional terms.' Czerkies has affixed the
constitutional label to a garden-variety claim for benefits
plainly barred by 5 U.S.C. § 8128(b)."); *Raditch v. United
States*, 929 F.2d 478, 481 (9th Cir. 1991) ("A violation of pro-
cedural rights requires only a procedural correction, not the
reinstatement of a substantive right to which the claimant may
not be entitled on the merits.")

   **[6]** Nor did the district court have jurisdiction under
§ 8128(b) to review Markham's remaining laundry list of due
process claims. FECA vests the Secretary (and hence OWCP)
with the authority to "administer, and decide all questions
arising under, [FECA]." 5 U.S.C. § 8145. As such, the Secre-
tary's discretion to make policy choices under FECA is "vir-
tually limitless." *Staacke*, 841 F.2d at 282.

   **[7]** Despite being expressed in constitutional terms, Mark-
ham's challenges to the administration of FECA claims
involve questions of claims processing and customer service,
not questions of due process. His effort to hitch these alleged
inadequacies to a constitutional star is unavailing. Pure policy
decisions concerning the administration of FECA are entirely
within the discretion of the Secretary. Although in certain
instances an administrative procedure can give rise to a due
process violation, *see Rodrigues*, 769 F.2d at 1348, it is the
due process violation and not the administrative procedure
that forms a basis for jurisdiction.

   Nor can these claims be saved by Markham's complaint
that even if the last notice of potential termination never came
to fruition, as a consequence of OWCP policies and proce-
dures, he is constantly at risk for a future termination. Apart
from the rank speculation inherent in this argument, Markham

MARKHAM v. UNITED STATES                765

has suffered no injury. "[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972).

To be sure, it can be frustrating to penetrate a telephone system where the customer is relegated to voice mail. From Markham's standpoint, in a perfect world, he would be able to meet with nurses at a local office in Hawaii. But these purported inconveniences, which he labels a "campaign of terror" and a "modern system of slavery," do not even remotely rise to the level of cognizable constitutional claims.

[8] Markham's alleged constitutional violations are simply a disagreement with the Secretary's administrative structure and claims process. Sprinkling the brief with multiple due process references and affixing a constitutional label does not change the essence of the claims. Markham's purported constitutional claims are wholly insubstantial, rendering the federal courts without subject matter jurisdiction.

**AFFIRMED.**

.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.

INTERNAL USE ONLY: Proceedings include all events.
04-15616 Markham v. USA, et al

JAMES MARKHAM, and as to the                Stephen M. Shaw, Esq.
third claim, on behalf of                   FAX 808/531-2129
others similiary situated                   808/521-0800
        Plaintiff - Appellant               [COR LD NTC ret]
                                            P.O. Box 2353
                                            Honolulu, HI 96804


        v.

UNITED STATES OF AMERICA                     Thomas A. Helper, Esq.
        Defendant - Appellee                 FAX 808/541-3752
                                            808/541-2850
                                            Suite 6100
                                            [COR LD NTC usa]
                                            OFFICE OF THE U.S. ATTORNEY
                                            Prince Kuhio Federal Building
                                            300 Ala Moana Blvd
                                            Honolulu, HI 96850

ELAINE CHAO, as Secretary of                 Thomas A. Helper, Esq.
Labor                                        (See above)
        Defendant - Appellee                 [COR LD NTC usa]

U.S. DEPARTMENT OF LABOR                     Thomas A. Helper, Esq.
        Defendant - Appellee                 (See above)
                                            [COR LD NTC usa]

JANE DOE                                     No appearance
        Defendant - Appellee                 No appearance

JOHN DOE, 2-10                               No appearance
        Defendant - Appellee                 (See above)

DOE PARTNERSHIPS 1-10                        No appearance
        Defendant - Appellee                 (See above)

DOE ENTITIES 1-10                            No appearance
        Defendant - Appellee                 (See above)

MELANIE GALEN                                No appearance
        Defendant - Appellee                 (See above)

TWO UNKNOWN OWCP CLAIMS                       No appearance
EXAMINERS                                    (See above)
        Defendant - Appellee

TWO UNKNOWN OWCP NURSES                       No appearance
        Defendant - Appellee                 (See above)